**Martin TINAJ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2957–ag.**

United States Court of Appeals, Second Circuit.

April 18, 2008.

Joshua Bardavid, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Thankful T. Vanderstar, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-mer Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Martin Tinaj, a native and citizen of Albania, seeks review of the June 18, 2007 order of the BIA affirming the December 1, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Martin Tinaj*, No. A79 417 346 (B.I.A. June 18, 2007), *aff'g* No. A79 417 346 (Immig. Ct. N.Y. City Dec. 1, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. We treat these findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, because Tinaj failed to challenge the IJ's denial of his asylum application in the exercise of discretion, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005); *see also Wu Zheng Huang v. INS*, 436 F.3d 89, 96–97 (2d Cir.2006) (discussing our authority pursuant to 8 U.S.C. § 1252(b)(4)(D) to review the agency's discretionary denial of asylum).

Regarding the agency's denial of withholding of removal, we conclude that substantial evidence supports the IJ's finding that Tinaj could not carry his burden of proof in light of substantial changes in political circumstances in Albania—most notably the Democratic Party's return to power through general elections in July 2005. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 188 (2d Cir.2006); *Qyteza v. Gonzales*, 437 F.3d 224, 228 n. 2 (2d Cir. 2006). While Tinaj's brief to this Court refers to Albania's poor human rights record in some areas, there was no record evidence that Democratic Party supporters necessarily faced a threat to their life or freedom. In fact, the 2003 U.S. State Department report (found in the record) noted that there were no political killings, no reports of politically motivated disappearances, and no reports of detainees held strictly for political reasons. As such, the agency properly found that Tinaj failed to demonstrate that a future threat to his life or freedom was objectively likely. *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir.2006).

Finally, we dismiss Tinaj's petition for review as to his CAT claim because he did not exhaust before the BIA his challenge to the IJ's denial of that claim. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).